ORDER
Petitioner Bonnie Red Elk, of the Fort Peck Journal filed a Petition for Review of *263 a “Gag Order” issued by Respondent Chief Judge Richard Jackson on March 24, 2010, in Tribal Court Cause No, TRO-030-10, In Re the Matter of Adrienne Weinberger, Plaintiff vs. Michael Headdress, Respondent. Ms. Red Elk sought, but was not granted, a stay of the Order in the Tribal Court.
We viewed the petition as a request for extraordinary relief such as a writ of supervisory control. The Fort Peck Comprehensive Code Of Justice, (“CCOJ”), does not specifically provide for extraordinary relief in the Court of Appeals. Further, Title II, Section 207, CCOJ, provides that a party seeking appellate review must designate a final order or judgment of the Tribal Court upon which the review is sought. This Court has repeatedly held that absent the existence of a final Order or Judgment, the Court lacks jurisdiction to hear the appeal. See, e.g., In Re the Matter of D.S.B., FPCOA, Appeal No, 424 (2004), Bighorn v. Traders State Bank, FPCOA, Appeal, No, 186, (1993).
In view of the significance of the questions presented here, we allowed the parties to address the question of whether or not we have jurisdiction to hear and determine an application for a writ of supervisory control in these circumstances. That briefing is now concluded.
In reviewing the briefs presented, we find no persuasive argument that this court has jurisdiction of this petition. While Petitioner has provided authority on the finality question, since that authority is a family law decision, it is distinguishable both factually and legally. Further, we find that even if we had extraordinary relief jurisdiction, it most likely would not apply in this situation because Petitioner Red Elk has a remedy in the Tribal Trial Court.
Therefore,
IT IS HEREBY ORDERED that the Petition for Review is denied.